# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KDC AGRIBUSINESS LLC, *et al.*,<br><br>    Debtors. | Chapter 7<br><br>Case No. 23-10786 (CTG) |
| GEORGE    L.    MILLER,    not individually, but as Chapter 7 Trustee of KDC Agribusiness, LLC, *et al.*,<br><br>    Plaintiff,<br><br>v.<br><br>FOLEY & LARDNER, LLP,<br><br>    Defendant. | Adv. Proc. No. 26-50207 (CTG)<br><br>**Related Docket No. 5** |

## PRELIMINARY OBSERVATIONS

This adversary proceeding is a legal malpractice action brought by the chapter 7 trustee against a law firm that represented the debtors both before and after they filed these bankruptcy cases under chapter 11.  The Court later converted the cases to ones under chapter 7.  The trustee filed the malpractice action in state court and the law firm removed it to this Court, contending that this Court has subject-matter jurisdiction under 28 U.S.C. § 1334(b).  The trustee has moved to remand the case back to state court, arguing that it is subject to both mandatory and permissive abstention under 28 U.S.C. § 1334(c).

The Court has reviewed the briefing on the motion and sets out these preliminary observations for the benefit of the parties in advance of the hearing on the motion, set for June 3, 2026.  Based on its preliminary analysis, it appears to the

Court that mandatory abstention is not applicable because the state court case was not pending at the time the bankruptcy case was filed.  Nor is the Court inclined to abstain on a permissive basis.

With respect to mandatory abstention, caselaw in this jurisdiction, following the majority view of courts that have addressed the issue, has explained that mandatory abstention applies only when the state action was filed before the bankruptcy was filed.[1]  The reasons for this requirement are numerous, including the plain language of the statute, the legislative history, and the risk of creating "flawed incentives."[2]  Here, the bankruptcy case was filed in 2023, while the complaint was not filed in state court until 2026.  As a result, consistent with the caselaw and the clear majority, mandatory abstention is not applicable.

The Court is also disinclined to abstain on a permissive basis.  The Court's preliminary view is that there is sufficient overlap between the facts at issue in the malpractice action and those with which the Court became familiar while presiding

---

[1] *In re Longview Power, LLC,* 516 B.R. 282, 295 (Bankr. D. Del. 2014) (collecting cases so holding and finding that "the majority of courts have found that a state court proceeding must be pending prior to the commencement of the bankruptcy in order to warrant abstention").

[2] *In re Freeway Foods of Greensboro*, 449 B.R. 860, 877-878 (Bankr. M.D.N.C 2011) ("The minority position is inconsistent with the legislative history and the plain language of the statute.  As *Collier* notes, 'a forebear of section 1334(c)(2) referred to a state court action that "has been or will be timely instituted."'  The currently applicable statute uses different language, with no reference to an action that 'will be timely instituted.' … The minority view is further weakened by the plain language of the statute, which states that the court shall abstain 'if an action *is commenced* ... in a State forum of appropriate jurisdiction.'"); *Longview Power*, 516 B.R. at 295 ("To recognize the California Action here as a legitimate predicate for abstention could create flawed incentives, encouraging parties to take the risk of commencing post-petition litigation, in hopes of convincing a bankruptcy court to defer to that other forum.").

over these bankruptcy cases that principles of judicial economy would be served by retaining jurisdiction over the matter in this Court.

The Court emphasizes, however, that these reactions are preliminary, and are intended only to provide the parties with insight into how the Court is viewing the issues in advance of the hearing.  None of this should be taken as a resolution of the motion or to prejudice the rights of any party to advance any argument the party deems appropriate in connection with the hearing on the motion.

Dated: June 1, 2026

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE